IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

REBECCA G. DOTSON                                                                                    PLAINTIFF

V.                                              NO. 13-3051

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Rebecca G. Dotson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her application for SSI on July 28, 2011, alleging an inability to work since January 26, 2010,[1] due to heart problems and depression. (Tr. 140-146, 171, 175). An administrative hearing was held on August 7, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 23-54).

By written decision dated November 29, 2012, the ALJ found that since filing her claim, Plaintiff had the an impairment or combination of impairments that were severe - ischemic heart

---

[1] SSI benefits are not payable prior to the date of the application. Accordingly, the relevant time period begins on the date of Plaintiff's application - July 28, 2011.

-1-

disease (with congestive heart failure), COPD (chronic obstructive pulmonary disease), depression, anxiety, personality disorder, and a history of polysubstance abuse (reported by Plaintiff to be in remission). (Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that since the filing date of her claim, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found that since the filing date of her claim, Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except as follows: The claimant must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gasses, and poor ventilation. Secondary to psychologically based symptoms, the claimant is limited to unskilled work with routine repetitive tasks that are learned and performed by rote where interaction with co-workers, supervisors, and the public is superficial and incidental to the work performed, there are few variables, little judgment is required, and the supervision required is simple, direct, and concrete.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff had no past relevant work and that prior to February 7, 2012, the date the Plaintiff's age category changed, there were jobs that existed that Plaintiff could have performed, such as small products assembler, small production machine operator, and small products inspector. (Tr. 16-17). The ALJ further held that beginning on February 7, 2012, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform, and that based on direct application of Medical-Vocational Rule 201.9, Plaintiff was disabled. (Tr. 17). The ALJ also found that Plaintiff's substance use disorder was not a contributing factor material to the determination of disability. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on March 21, 2013. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A),

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in failing to account for the severity of Plaintiff's symptoms in combination; 2) The ALJ erred in his RFC determination; and 3) The ALJ's decision is not supported by substantial evidence. (Doc. 11).

#### A. Failure to Consider Impairments in Combination:

Plaintiff argues that Plaintiff's heart failure, depression, and chronic obstructive pulmonary disease and her combination of symptoms such as depression, dizziness, an irregular

-4-

heartbeat, and shortness of breath are not compatible with even the ability to perform sedentary work, and asks the Court to revisit the ALJ's RFC determination prior to February 7, 2012.

The Court will address the ALJ's RFC determination below, but first addresses the fact that the ALJ considered Plaintiff's impairments in combination.

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 10). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 10). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 10). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 12). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

The Court finds there is substantial evidence to support the fact that the ALJ considered Plaintiff's impairments in combination.

**B.     RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In making his RFC determination, the ALJ considered all of the medical records as well as the various opinions of the physicians. He discussed the time Plaintiff spent at St. John's Hospital in January of 2010, precipitated by Plaintiff being found unresponsive in her home. (Tr. 14). He noted that urine testing showed multiple drugs including methamphetamine, and that following testing and examination, Plaintiff was diagnosed with heart failure thought to be Takotsubo cardiomyopathy, along with drug overdose and probable viral meningitis, which was resolved with antibiotic treatment. (Tr. 14). The ALJ also discussed laboratory testing, which showed positive results for methamphetamine use along with benzodiazepines and marijuana. (Tr. 14).  An MRI scan of Plaintiff's brain was interpreted by Dr. Jenifer Hufang Zhai, M.D., as excluding brain abnormalities as the cause of Plaintiff's symptoms, and a stent was placed as treatment for coronary artery disease.  (Tr. 14). It is noteworthy that Plaintiff refused to stay in the hospital on February 4, and was discharged against medical advice. (Tr. 14). "Failure to

follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." Brown v. Barnhart, 390 F.3d 535, 541 (8th Cir. 2004)(citations omitted).

The ALJ also discussed the fact that Plaintiff was diagnosed with severe COPD, and noted that even though Plaintiff had been encouraged to stop smoking, she continued to smoke up to one pack per day. (Tr. 14). The ALJ gave state agency medical expert opinions little weight, noting Plaintiff's severe COPD, and therefore limited Plaintiff to sedentary work. The ALJ also found, contrary to the opinions of the state agency psychological experts who found there was insufficient evidence to assess Plaintiff's mental RFC, that Plaintiff was limited to unskilled work, based primarily on Dr. Terry Efird's report. (Tr. 15).

The ALJ noted that Plaintiff had been non-compliant with treatment and had been suspected to be exaggerating symptoms or malingering. (Tr. 16). It is also noteworthy that except for mental evaluations, Plaintiff was not treated for her physical impairments during the relevant time period, other than her August 2012 visits to Walker Heart Institute and Baxter Regional Medical Center for breathing tests. Based upon those visits, the ALJ concluded that those visits did establish that Plaintiff had severe physical impairments which would limit Plaintiff to only a range of sedentary work. (Tr. 16).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### C. Lack of Substantial Evidence:

Plaintiff argues that substantial evidence "cannot support a decision wherein the RFC determination failed to stem from the reality of this case which presents a picture of a woman that was disabled due to her multiple and severe impairments and resulting symptoms well prior

AO72A
(Rev. 8/82)

to her 50th birthday." (Doc. 11)

The Court finds that for the reasons given above, there is substantial evidence to support the ALJ's determination that the Plaintiff was not disabled prior to February 7, 2012, but became disabled on that date, and thereafter continued to be disabled through the date of the ALJ's decision.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits prior to February 7, 2012, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 6th day of June, 2014.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)